UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENNIFER FILA,

                            Plaintiff,

v.

STATE OF NEW YORK, STATE UNIVERSITY
OF NEW YORK, STATE UNIVERSITY OF NEW
YORK AT ONEONTA, JIM MALATRAS,
                            Defendants.

1:21-cv-1087 (FJS/DJS)

COMPLAINT

JURY TRIAL DEMANDED

Civil Action No.

      Plaintiff Jennifer Fila, by and through her attorneys, Tully Rinckey, PLLC, sets forth the following as and for the complaint against Defendants State of New York, State University of New York (hereinafter "Defendant SUNY", Jim Malatras and State University of New York at Oneonta (hereinafter "Defendant SUNY Oneonta"):

NATURE OF ACTION

      1.     This action is brought pursuant to the Equal Pay Act 29 U.S.C. § 201 *et seq.*, NY Labor Law Chapter 31, Article 6, § 190 *et seq.*, and New York Executive Law § 290 *et seq.* The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal and state laws, which rights provide for injunctive and other relief for illegal discrimination and retaliation in employment.

JURISDICTION

      2.     Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 201 *et seq.*

1

3.     This Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 and the New York State Human Rights Law, Article 15, § 290, *et seq.* and NY Labor Law Chapter 31, Article 6, § 190 *et seq.*

## VENUE

4.     Venue is proper by virtue of 28 U.S.C. § 1391, in that the events giving rise to the claims in this action arose in this judicial district.

## PARTIES

5.     At all times relevant herein, Jennifer Fila (hereinafter, the "Plaintiff") was and remains a natural person and currently resides in the County of Albany, State of New York.

6.     Defendant New York State controls and maintains Defendants SUNY and SUNY Oneonta. Governance of Defendants SUNY and SUNY Oneonta is by appointment of the Governor of the State of New York, with consent of the New York State Senate. Defendant New York State assists in financing and funding the SUNY system.

7.     Defendant SUNY is a system of public colleges and universities in New York State with a total enrollment of 424,051 students, plus 2,195,082 adult education students spanning sixty-four (64) campuses across New York State, including Defendant SUNY Oneonta. Upon information and belief, Defendant SUNY maintains their administrative offices in Albany, New York with satellite offices in Manhattan and Washington, D.C.

8.     Defendant SUNY Oneonta is a public university and is part of the State University of New York system. Upon information and belief, Defendant SUNY Oneonta maintains their administrative offices at 108 Ravine Way, Oneonta, NY 13820.

9.     Defendant Jim Malatras is the chancellor of the Defendant SUNY System since August 21, 2020.

FACTUAL BACKGROUND

10. Plaintiff is female.

11. Plaintiff was hired by Defendant State University of New York (hereinafter "Defendant SUNY") in or around May 1998 at its Purchase college location as a university police officer.

12. In October 1999, Plaintiff was transferred to the University at Albany as a University Police Officer.

13. In September 2007, Plaintiff was promoted to Staff Associate.

14. In or around June 2014, Plaintiff was promoted to Deputy Chief of Police.

15. In July 2017, Plaintiff accepted a position as Chief of Police at Defendant State University of New York at Oneonta.

16. In June 2021, the Emergency Services Building had completed a two-year renovation project, and as a result, the gun lockers had not been numbered correctly.

17. In June 2021, as a result of this mistake, Plaintiff removed a Lieutenant's firearm from his locker, assuming it was Plaintiff's.

18. Plaintiff intended to wear the weapon at a ceremonial event.

19. Plaintiff cleared the weapon of its bullets and left the bullets in the locker, as was standard practice during ceremonial events.

20. On July 8, 2021, Plaintiff met with the Defendants' Human Resources Director Dia Carleton and was advised of a complaint filed against her.

21. Plaintiff was accused of qualifying with her firearm only once in 2018, once in 2019, once in 2020, and not again. Plaintiff explained that she had only missed two qualifications, one in 2019 and one in 2020.

22. Plaintiff qualified twice in 2018, once in 2019, once in 2020, and once in 2021.

23. Plaintiff's firearms qualifications were submitted by her former Lieutenant, Jon Nichols.

24. Plaintiff was accused of falsely submitting compliance verification forms to the Division of Criminal Justice Service.

25. As a result of these false accusations and the June 2021 gun locker incident, Plaintiff was terminated from her employment.

26. On July 9, 2021, Plaintiff had a conversation with University President Denis Craig and was advised that Defendant SUNY Oneonta should be able to find a position at the college to get Plaintiff to retirement.

27. During the conversation, Mr. Craig received a text message from Chancellor Jim Malatras. Mr. Craig stated to Plaintiff, "I need to let you go, I just got a text from the chancellor, we may need to expedite this."

28. Later that day, Mr. Craig stated that Plaintiff was to leave campus immediately due to the "severity of the incident."

29. Upon information and belief, the accusations against Plaintiff did not warrant termination and her termination was based, in part, due to her sex, in violation of state and federal law.

30. Following Plaintiff's termination, she received a paycheck that indicated a salary of $115,170.

31. Upon information and belief, Plaintiff was compensated less than her similarly situated male peers in the same job position.

32. Upon information and belief, Plaintiff is the only female Chief of Police in the Defendant SUNY system.

33. Upon information and belief, the male Chiefs of Police at the following schools within Defendant SUNY's system were compensated more than Plaintiff for substantially similar work: Brockport, Oswego, Cortland, Plattsburgh, Old Westbury, Purchase, Delhi, Downstate, Health Science, and Maritime.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<u>AGAINST THE DEFENDANTS</u>
<u>Violation of the Equal Pay Act 29 U.S.C. § 201 et. seq.</u>

34. Plaintiff repeats and realleges all previous allegations set forth in Paragraphs 1 through 33.

35. Defendant State of New York is an "employer" as defined by 29 U.S.C. § 203(d).

36. Defendant State University of New York is an "employer" as defined by 29 U.S.C. § 203(d).

37. Defendant State University of New York Oneonta is an "employer" as defined by 29 U.S.C. § 203(d).

38. Defendant Jim Malatras is an "Employer" as defined by 29 U.S.C. § 203(d).

39. Plaintiff was an employee of Defendants, engaged in commerce and/or was employed in an enterprise engaged in commerce.

40. Plaintiff is female.

41. Defendants have discriminated between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which they pay wages to employees of the opposite sex.

...

...

42. Plaintiff and her male colleagues performed equal work on jobs the performance of which required equal skill, effort, and responsibility.

43. Plaintiff and her male colleagues performed duties under similar working conditions.

44. A pay differential was not based on a seniority system, a merit system, a quantity or quality of production system, or any other factor other than sex.

45. Defendants caused, attempted to cause, contributed to, or caused the continuation of the wage rate discrimination based on sex in violation of the Equal Pay Act. Moreover, Defendants willfully violated the Equal Pay Act by intentionally paying Plaintiff less than similarly situated or less qualified male employees.

46. As a direct and proximate result of the Defendant's actions, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial, including damages in the amount of that she was underpaid.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE DEFENDANTS
Violation of NY Labor Law Chapter 31, Article 6, § 190 *et seq.*

47. Plaintiff repeats and realleges all previous allegations set forth in Paragraphs 1 through 46.

48. Defendant State of New York is an "Employer" as defined in NY Lab. Law § 190.

49. Defendant State University of New York is an "Employer" as defined in NY Lab. Law § 190.

50. Defendant State University of New York Oneonta is an "Employer" as defined in NY Lab. Law § 190.

51. Defendant Jim Malatras is an "Employer" as defined in NY Lab. Law § 190.

52. Plaintiff was an employee of Defendants.

53. Plaintiff is female.

54. Defendants paid Plaintiff a wage at a rate less than the rate at which other employees outside of Plaintiff's protected class was paid for equal work on a job the performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions.

55. A pay differential was not based on a seniority system, a merit system, a quantity or quality of production system, or any other bona fide factor.

56. Defendants caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the New York Labor Law. Moreover, Defendants willfully violated the New York Labor Law by intentionally paying Plaintiff less than similarly situated or less qualified male employees.

57. As a direct and proximate result of the Defendants' actions, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial, including damages in the amount of that she was underpaid based on her gender, liquidated damages, and attorneys' fees and costs.

AS AND FOR A THIRD CAUSE OF ACTION
AGAINST THE DEFENDANTS
Violation of New York Executive Law § 290 et. seq.

58. Plaintiff repeats and realleges all previous allegations set forth in Paragraphs 1 through 57.

59. Defendant State of New York constitutes an "employer" as defined in N.Y. Exec. Law § 292.

60. Defendant State University of New York constitutes an "employer" as defined in N.Y. Exec. Law § 292.

61. Defendant State University of New York Oneonta constitutes an "employer" as defined in N.Y. Exec. Law § 292.

62. Defendant Jim Malatras is an "Employer" as defined by N.Y. Exec. Law § 292.

63. Plaintiff was an employee of Defendants.

64. Plaintiff is female.

65. Defendants subjected Plaintiff to discrimination in the terms, conditions, and privileges of employment in violation of the New York State Executive Law, including wrongful termination because of sex and pay discrimination.

66. Defendants have treated Plaintiff differently from and less preferably than male employees.

67. Plaintiff's sex has been a determining factor in Defendants' subjecting of Plaintiff to discrimination in the terms, conditions, and privileges of employment.

68. By reason of the continuous nature of Defendants' discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

69. Defendants' actions amount to willful or wanton negligence, and/or recklessness, and/or exhibit a conscious disregard for the rights of Plaintiff, and/or constitute conduct so reckless as to amount to such disregard. Accordingly, Plaintiff is entitled to punitive damages.

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to all remedies available for violations of the New York State Executive Law, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

72. As a direct and proximate result of the Defendants' actions, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this Court:

A. Award Plaintiff all of her damages under applicable law, including back pay, front pay, compensatory damages, liquidated damages, and punitive damages;

B. Award Plaintiff all attorneys' fees, costs, and expenses available under law;

C. Award Plaintiff all pre-judgment interest and post-judgment interest available under law; and

D. Award Plaintiff such additional and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, trial by jury on all issues is demanded.

Dated:  September 29, 2021
        Albany, New York

Respectfully submitted,

Jennifer Fila

By her attorneys:

_____

Adam P. Grogan, Esq.
Associate
NDNY No. 703011
TULLY RINCKEY PLLC
441 New Karner Road
Albany, NY 12205
Tel. (518) 218-7100
Fax. (518) 218-0496
Email: agrogan@tullylegal.com
*Counsel for Plaintiff*