UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JENNIFER FILA,

                                        *Plaintiff*,

              -against-                                          21-CV-1087

STATE OF NEW YORK, STATE UNIVERSITY OF                          FJS/DJS
NEW YORK, STATE UNIVERSITY OF NEW YORK -
ONEONTA, JIM MALATRAS,

                                        *Defendants*.

---

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

                    LETITIA JAMES
                    Attorney General of the State of New York
                    Attorney for Defendants, Jim Malatras, State
                            University of New York - Oneonta and
                            State University of New York
                    The Capitol
                    Albany, New York 12224

Kasey K. Hildonen
Assistant Attorney General, of Counsel
Bar Roll No. 520351
Telephone: (518) 776-2590
Fax: (518) 915-7740 (Not for service of papers)              Date: April 26, 2022

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................... 1

ARGUMENT.................................................................................................. 4

POINT I......................................................................................................... 4

    PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR
    VIOLATION OF THE EQUAL PAY ACT 29 U.S.C. § 201 ET. SEQ.
    MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) ............................... 4

POINT II........................................................................................................ 10

    PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AGAINST
    DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT
    AND MUST BE DISMISSED PURSUANT TO RULE 12(B)(1)..................... 10

POINT III ...................................................................................................... 11

PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST DEFENDANT JIM MALATRAS
    IN HIS OFFICIAL CAPACITY MUST BE DISMISSED PURSUANT TO RULE
    12(B)(1)...................................................................................................... 11

POINT IV ..................................................................................................... 14

    THE COURT SHOULD DECLINE TO EXERT SUPPLEMENTAL
    JURISDICTION AND DISMISS PLAINTIFF'S SECOND AND THIRD
    CAUSES OF ACTION AGAINST DEFENDANTS ....................................... 14

POINT V ....................................................................................................... 15

    PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR
    VIOLATION OF NY LABOR LAW CHAPTER 31, ARTICLE 6, § 190
    ET SEQ. MUST BE DISMISSED BECAUSE DEFENDANTS ARE
    EXEMPT..................................................................................................... 15

POINT VI ..................................................................................................... 16

PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR
    VIOLATION OF NEW YORK EXECUTIVE LAW§ 290 ET. SEQ. MUST BE
    DISMISSED ................................................................................................ 16

POINT VII..................................................................................................... 17

THIS ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND..................... 17

CONCLUSION ............................................................................................................ 17

# Table of Cases

A. H. Phillips, Inc. v. Walling, 324 US 490 (1945) ........................................................ 5

Ajamian v. New York, No. 13-CV-1316, 2014 WL 3928448 (N.D.N.Y. Aug. 11, 2014) .......... 17

Anderson v. Creighton, 483 U.S. 635 (1987) ............................................................. 12

arrett v. Forest Labs., Inc., 39 F. Supp. 3d 407 (S.D.N.Y. 2014) ..................................... 5

Arroyo v. New York State Insurance Department, 1993 U.S. Dist. LEXIS 8851 (S.D.N.Y.) ..... 10

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ....................................................................... 2

Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985) ........................................... 10

Bell v. Twombly, 550 U.S. 544 (2007) ......................................................................... 2

Burke v. Verizon Communications, Inc., 2020 WL 4741043 (S.D.N.Y. Aug. 17, 2020), .......... 17

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) ................................................. 14

Carter v. HealthPort Techs., LLC, 822 F.3d 47 (2d Cir. 2016) ................................... 3, 4

Cassells v. University Hospital at Stony Brook, 740 F. Supp. 143 (E.D.N.Y. 1990) ............... 11

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) ........................................ 3

Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000) ......................................................... 17

Dube v. State University of New York, 900 F.2d 587 (2d Cir. 1990) ............................ 10, 11

Edelman v. Jordan, 415 U.S. 651 (1974) .................................................................... 10

Eng v. City of New York, 2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. 2017) ........................... 7

Flexborrow LLC v. TD Auto Fin. LLC, 255 F. Supp. 3d 406 (E.D.N.Y. 2017) .................... 14

Forjone v. Dep't of Motor Vehicles, 414 F. Supp. 3d 292 (N.D.N.Y. 2019) ......................... 3

Fox v. Board of Trustees of the State University of New York, 649 F. Supp. 1393 (N.D.N.Y.
    1986) ................................................................................................................ 11

Gray-Davis v. New York, 2015 U.S. Dist. LEXIS 58619 (N.D.N.Y. Mar. 27, 2015), adopted,
    2015 U.S. Dist. LEXIS 58373 (N.D.N.Y. May 5, 2015) ............................................. 11

Gregory v. Daly, 243 F.3d 687 (2d Cir. 2001) .............................................................. 3

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ................................................................. 12

Hewitt v. Alcan Aluminum Corp., 185 F. Supp. 2d 183 (N.D.N.Y. 2001) .......................... 15

International Audiotext Network, Inc. v. American Tel. & Tel. Co., 62 F.3d 69 (2d Cir. 1995) ... 3

Jungels v State Univ. Coll., 922 F. Supp. 779 (W.D.N.Y. 1996) ................................ 10, 11

Kamen v. American Tel. & Tel. Co., 791 F.2d 1006 (2d Cir. 1986) ................................... 2

Klein v. New York Univ., 2008 U.S. Dist. LEXIS 62540 (S.D.N.Y. 2008) ....................... 5, 9

Kotlowski v. Eastman Kodak Co., 922 F. Supp. 790 (W.D.N.Y. 1996) ............................. 16

Lavin-Lavin-McEleney v. Marist College, 239 F.3d 476 (2d Cir. 2001) .............................. 5

Lee v. Sandberg, 136 F.3d 94 (2d Cir. 1997) .............................................................. 12

LoPorto v. County of Rensselaer, 2018 U.S. Dist. LEXIS 162432 (N.D.N.Y. Sep. 24, 2018) ... 12

Mancuso v. Crew, 255 A.D.2d 295 (2d Dept. 1998) ..................................................... 15

Mangiafico v. Blumenthal, 471 F.3d 391 (2d Cir. 2006) ................................................. 3

Matsusovsky v. Merrill Lynch, 186 F. Supp. 2d 397 (S.D.N.Y. 2002) ............................... 3

Matter of Kelly (Commissioner of Labor), 145 AD3d 1306 (3d Dept. 2016) ...................... 15

McEvoy v. Spencer, 124 F.3d 92 (2d Cir. 1997) .......................................................... 12

Moche v. City University of New York, 781 F. Supp. 160 (E.D.N.Y. 1992) ........................ 11

Morris v. New York State Police, 268 F. Supp. 3d 342 (N.D.N.Y. 2017) ............................ 1

Mudholkar v. University of Rochester, 261 F. App'x 320 (2d Cir. 2008) ............................. 5

Murray v. Wilson Distilling Co., 213 U.S. 151 (1909) .................................................. 10

Nicholas v. Miller, 189 F.3d 191 (2d Cir. 1999) ......................................................... 13

Nicholas v. Trump, 433 F. Supp. 3d 581 (S.D.N.Y. 2020) .............................................. 3

iii

Pearson v. Callahan, 555 U.S. 223 (2009).............................................................. 13

Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1983) ................. 10

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000)......................................................... 2

Ruffins v. Dep't of Corr. Servs., 907 F. Supp. 2d 290 (E.D.N.Y. 2012)................... 15

Saucier v. Katz, 533 U.S. 194 (2001)....................................................................... 12

State University of New York v. Syracuse University, 285 A.D. 59 (3d Dept. 1954)............... 11

United Mine Workers v. Gibbs, 383 U.S. 715 (1966)............................................... 14

Von Maack v. Wyckoff Heights Med. Ctr., 2016 U.S. Dist. LEXIS 80879 (S.D.N.Y. 2016)....... 8

Welch v. Texas Department of Highways and Public Transportation, 483 U.S. 468 (1987) ...... 10

Werst v. Sarar USA, Inc., 2018 US Dist LEXIS 44124, at *22 (S.D.N.Y. 2018) ....................... 5

Williams v. New York City Dep't of Health & Mental Hygiene, 299 F. Supp. 3d 418 (S.D.N.Y. 2018)................................................................................................................ 15

Wilson v. Lane, 526 U.S. 603 (1999)........................................................................ 12

Ying Jing Gan v. City of N.Y., 996 F.2d 522 (2d Cir. 1993)..................................... 11

## PRELIMINARY STATEMENT

Plaintiff, Jennifer Fila, brings this action pursuant to The Fair Labor Standards Act (FLSA) asserting violations of the Equal Pay Act 29 U.S.C. § 201 et seq., NY Labor Law Chapter 31, Article 6, § 190 et seq., and New York Executive Law § 290 et seq.  Dkt. No. 1, Complaint ¶ 1. Defendants[1], State University of New York ("SUNY"), State University of New York – Oneonta (also cited in these proceeding as "State University of New York at Oneonta", hereafter "SUNY Oneonta"), and Chancellor Jim Malatras, respectfully submit this memorandum of law in support of their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As set forth below, the Complaint must be dismissed because: (1) Plaintiff fails to state a plausible claim for relief on any of the three causes of action; (2) the Eleventh Amendment bars Plaintiff's Second and Third Causes of Action; and (3) Defendant Chancellor Jim Malatras, sued in his official capacity, is entitled to Eleventh Amendment and Qualified Immunity.

Accordingly, Defendants respectfully request that the Court dismiss the Complaint in its entirety and with prejudice, and award costs, together with such other or further relief as may be just.

## STATEMENT OF FACTS[2]

In July 2017, Plaintiff accepted a position as the Chief of Police at Defendant State University of New York at Oneonta. Complaint ¶ 15.

---

1 Defendant, State of New York, declined to waive service and has not been served in this action.  While the Office of the Attorney General does not represent the State of New York in this action, Defendants respectfully request that the Court dismiss the Complaint against all Defendants in its entirety and with prejudice.

2 The allegations of the Complaint are assumed true solely for the purposes of the motion to dismiss.  See Morris v. New York State Police, 268 F. Supp. 3d 342, 359 (N.D.N.Y. 2017). Defendants' recitation of the allegations in the Complaint for the purpose of the instant motion does not constitute an admission that any allegation is true.

In June 2021, Plaintiff removed a Lieutenant's firearm from his locker. Id. at ¶ 18. Plaintiff intended to wear the weapon at a ceremonial event. Id. at ¶ 19. On July 8, 2021, Plaintiff met with the Defendants' Human Resources Director Dia Carleton and was advised of a complaint filed against her. Id. at ¶ 20. Plaintiff was asked and answered questions about her firearms qualifications; Plaintiff admitted that she had missed two qualifications, one in 2019 and one in 2020. Id. at ¶ 21.

On July 9, 2021, Plaintiff had a conversation with University President Dennis Craig regarding the Plaintiff's removal of a Lieutenant's firearm from his locker. Id. at ¶ 26. Later that day, President Craig stated that Plaintiff was to leave campus immediately due to the "severity of the incident." Id. at ¶ 28. Following Plaintiff's termination, she received a paycheck that indicated a salary of $115,170. Id. at ¶ 30.

## STANDARD OF REVIEW

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual content to demonstrate that entitlement to relief is plausible, "and a formulaic recitation of the elements of a cause of action will not do." Bell v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff's complaint must set forth "more than a sheer possibility that a defendant has acted unlawfully." Id. The Court need not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.

Under Rule 12, the Court may consider documents referenced in the complaint but not annexed thereto, and documents which plaintiff has necessarily relied upon and/or incorporated

into the pleading by reference.  See, e.g., Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  The Court may consider such materials without converting a motion to dismiss into one for summary judgment. International Audiotext Network, Inc. v. American Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995); Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  When a plaintiff's allegations are inconsistent with or are contradicted by documents which have been incorporated by reference, the documents shall control.  Matsusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400-01 (S.D.N.Y. 2002). Further, the Court may consider documents that are "integral" to the complaint, even if they are neither physically attached nor incorporated by reference to the complaint.  Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  A document is "integral" to the complaint when the plaintiff "relies heavily upon its terms and effect."  International Audiotext Network, Inc. v. American Tel. & Tel. Co., 62 F.3d at 72.

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.[3]  See Forjone v. Dep't of Motor Vehicles, 414 F. Supp. 3d 292, 297-98 (N.D.N.Y. 2019). "The Second Circuit has drawn a distinction between two types of Rule 12(b)(1) motions: (i) facial motions and (ii) fact-based motions." Nicholas v. Trump, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020); see also Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) ("A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based.")

---

[3] Defendants assert this motion under Rule 12(b)(1) to the extent that the Complaint attempts to allege that this action is brought against Defendant in his official capacity; the Complaint only states "Defendant Jim Malatras is the chancellor of the Defendant SUNY System since August 21, 2020" as to the capacity alleged. Complaint ¶ 9. Additionally, Defendants assert this motion under Rule 12(b)(1) to the extent that Plaintiff's state law claims are barred by the Eleventh Amendment.

A facial Rule 12(b)(1) motion is one based solely on the allegations of the complaint or the complaint and exhibits attached to it. See Nicholas, 433 F. Supp. 3d at 586. "A plaintiff opposing such a motion bears no evidentiary burden." Id. "Instead, to resolve a facial Rule 12(b)(1) motion, a district court must determine whether the complaint and its exhibits allege facts that establish subject matter jurisdiction." Id. "And to make that determination, a court must accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff." Id.

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." Nicholas, 433 F. Supp. 3d at 586 (quoting Carter, 822 F.3d at 57). In opposition to such a motion, a plaintiff must come forward with evidence of their own to controvert that presented by the defendant or may instead rely on the allegations in their pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing. Id. "If a defendant supports his fact-based Rule 12(b)(1) motion with material and controverted extrinsic evidence, a district court will need to make findings of fact in aid of its decision as to the subject matter jurisdiction." Id.

## ARGUMENT

### POINT I

**PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF THE EQUAL PAY ACT 29 U.S.C. § 201 ET. SEQ. MUST BE DISMISSED PURSUANT TO RULE 12(B)(6)**

Plaintiff fails to state claims on which relief can be granted for violations under The Equal Pay Act 29 U.S.C. § 201 et. eq., against Defendants, State University of New York, State University of New York - Oneonta, and Jim Malatras, and therefore Plaintiff's first cause of action must be dismissed.

4

The Equal Pay Act prohibits an employer from "paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). The term "establishment" generally refers to a "distinct physical place of business rather than to an entire business or 'enterprise' which may include several separate places of business." 29 C.F.R §1620.9(a); See A. H. Phillips, Inc. v. Walling, 324 US 490, 496 (1945) ("Congress used the word "establishment" as it is normally used in business and in government -- as meaning a distinct physical place of business.") Barring "unusual circumstances", "each physically separate place of business is ordinarily considered a separate establishment." Id.

The Equal Pay Act, unlike Title VII, does not require a showing of discriminatory intent. See Lavin-Lavin-McEleney v. Marist College, 239 F.3d 476, 483 (2d Cir. 2001). It does, however, require a showing of "discrimination on the basis of sex." Mudholkar v. University of Rochester, 261 F. App'x 320, 323 (2d Cir. 2008) (summary order).

To state a claim under the Equal Pay Act, a "plaintiff must allege the following: (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." Klein v. New York Univ., 2008 U.S. Dist. LEXIS 62540 (S.D.N.Y. 2008); see also Barrett v. Forest Labs., Inc., 39 F. Supp. 3d 407, 452 (S.D.N.Y. 2014) (dismissing wage claim under the Equal Pay Act where plaintiff failed to alleged "any facts showing that she was paid 'at a rate less than the rate at which Defendants paid wages to employees of the opposite sex'" (quoting 29 U.S.C. § 206(d)(1))).

A plaintiff's allegations concerning Equal Pay Act claims must be more than conclusory and cannot merely track the language of the Equal Pay Act. Werst v. Sarar USA, Inc., 2018 US Dist LEXIS 44124, at *22 (S.D.N.Y. 2018) (Dismissing Plaintiffs' Equal Pay Act claims, finding that Plaintiffs fail to allege how Werst's position was similar to that of her comparators.)

Here, the Complaint summarily asserts that Defendants, the State of New York, SUNY, SUNY Oneonta, and Jim Malatras, are all her employers as defined by 29 U.S.C. § 203(d) - an impossibility. Rather than alleging facts related to the practices at SUNY Oneonta, the actual establishment and physical location where Plaintiff was employed, the Complaint echoes bare recitals of the language of the Equal Pay Act against "Defendant SUNY system" which, as discussed below, fails to state a claim under the Equal Pay Act which can survive Defendants' motion to dismiss.

**A. State University of New York – Oneonta**

Plaintiff fails to state a claim under the Equal Pay Act against Defendant SUNY Oneonta because Plaintiff does not actually allege that SUNY Oneonta was paying wages to employees at a rate less than the rate of wages to other SUNY Oneonta employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1). The only comparators that Plaintiff identifies in the Complaint work as the Chief of Police at other SUNY locations across the state. In other words, Plaintiff, who has acknowledged that she was *the* Chief of Police employed at SUNY Oneonta's campus during the relevant time period, was in a class of one, and therefore no comparators exist. Complaint ¶ 15.

SUNY Oneonta, the actual establishment and physical location where Plaintiff was employed, has its own appointment authority apart from Defendant SUNY, and is solely charged

with appointing all college staff.  N.Y. Comp. Codes R. & Regs. Tit. 8 § 333.6 ("Appointments of all college administrative officers and professional staff not in a negotiating unit established pursuant to article 14 of the Civil Service Law shall be made by the chief administrative officer of the college; such appointments shall be reported to the chancellor.")  Plaintiff has not asserted that SUNY Oneonta engaged in disparate wage practices.  Plaintiff has therefore failed to allege any facts whatsoever that would support a cause of action against Defendant SUNY Oneonta under The Equal Pay Act, and therefore this claim must be dismissed as against SUNY Oneonta.

**B.  State University of New York**

Plaintiff fails to state a claim under the Equal Pay Act against Defendant SUNY because Plaintiff's allegations are conclusory, lack particularity, and merely track the language of the Equal Pay Act.

The Complaint generally states "[u]pon information and belief, Plaintiff is the only female Chief of Police in the Defendant SUNY system" and then asserts "[u]pon information and belief, the male Chiefs of Police at the following schools within Defendant SUNY's system were compensated more than Plaintiff for substantially similar work: Brockport, Oswego, Cortland, Plattsburgh, Old Westbury, Purchase, Delhi, Downstate, Health Science, and Maritime" merely listing off all other SUNY campuses, without any specific allegations related to the alleged male comparators. Complaint ¶¶ 32-33.

Here, Plaintiff fails to set forth any facts related to the alleged male comparators or to show how she was similarly situated to these unnamed male comparators. See, e.g., Eng v. City of New York, 2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. 2017) ("Plaintiff provides no factual allegations that would allow the Court to compare her job duties, skills and experience with those of the

comparators."), aff'd, No. 17-1308, 715 Fed. Appx. 49, 2017 U.S. App. LEXIS 22858 (2d Cir. Nov. 14, 2017).

The Complaint is devoid of allegations, for example, that Plaintiff was of a comparable experience and skill level to her unnamed male comparators, or that she and her unnamed comparators performed a "substantially similar" job under similar conditions. See Werst v. Sarar USA, Inc., 2018 at *22; Von Maack v. Wyckoff Heights Med. Ctr., 2016 U.S. Dist. LEXIS 80879 (S.D.N.Y. 2016) (noting that plaintiff's Equal Pay Act claim would fail on the merits because the complaint was "devoid of any allegations going to whether [plaintiff and her comparator] performed a 'substantially similar' job").

Plaintiff's claim under the Equal Pay Act is a mere formulaic recitation of the language of the Equal Pay Act. See Complaint ¶¶ 41-45 ("Plaintiff and her male colleagues performed equal work on jobs the performance of which required equal skill, effort, and responsibility. Plaintiff and her male colleagues performed duties under similar working conditions. A pay differential was not based on a seniority system, a merit system, a quantity or quality of production system, or any other factor other than sex. Defendants caused, attempted to cause, contributed to, or caused the continuation of the wage rate discrimination based on sex in violation of the Equal Pay Act. Moreover, Defendants willfully violated the Equal Pay Act by intentionally paying Plaintiff less than similarly situated or less qualified male employees.") Plaintiff's bare recitals of the language of the Equal Pay Act is insufficient to survive Defendants' motion to dismiss. See Werst v. Sarar USA, Inc., 2018 US Dist LEXIS 44124, at *22 (Finding that Plaintiffs' allegation that "[t]he work performed by Werst was equal to the work performed by the Similarly Situated Males, and such work required equal skill, effort, and responsibility to perform same" was insufficient to survive a motion to dismiss.)

Ultimately, Plaintiff's own pleadings demonstrate that she cannot meet the third pleading requirement to state a claim under the Equal Pay Act against SUNY. Plaintiff has not pleaded that her job and her male comparator's jobs were performed under similar working conditions, since, as stated in the Complaint, her unnamed male comparators work at separate establishments – completely different campuses. Klein v. New York Univ., 2008 U.S. Dist. LEXIS 62540 (S.D.N.Y. 2008). Thus, Plaintiff fails to state a claim under the Equal Pay Act against Defendant, State University of New York and this claim should be dismissed.

### C. Jim Malatras

Apart from alleging that "Defendant Jim Malatras is an 'Employer' as defined by 29 U.S.C. § 203(d)" (Complaint ¶ 38) and that "Defendant Jim Malatras is the chancellor of the Defendant SUNY System since August 21, 2020" (Complaint ¶ 9), the Complaint is devoid of allegations which would plausibly suggest a claim under the Equal Pay Act. The Complaint fails to allege how, or even if, Chancellor Malatras was involved in Plaintiff's salary determination or those of her unnamed male comparators. Indeed, Plaintiff cannot allege any such facts, because each individual campus president is the appointing authority for staff at each SUNY campus, as described above. N.Y. Comp. Codes R. & Regs. Tit. 8 § 333.6. Furthermore, as discussed below, Chancellor Malatras is entitled to Eleventh Amendment and Qualified Immunity.

Plaintiff thus fails to state claims on which relief can be granted under The Equal Pay Act 29 U.S.C. § 201 et. eq., against Defendants, State University of New York, State University of New York - Oneonta, and Jim Malatras, and therefore Plaintiff's first cause of action must be dismissed.

**POINT II**

**PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT AND MUST BE DISMISSED PURSUANT TO RULE 12(B)(1)**

Plaintiff's NY Labor Law Chapter 31, Article 6, § 190 et seq. and New York Executive Law § 290 et. seq., against Defendants, SUNY, SUNY Oneonta, and Jim Malatras, are barred by the Eleventh Amendment, and therefore Plaintiff's second and third causes of action must be dismissed for lack of jurisdiction.

The Supreme Court has interpreted the Eleventh Amendment as barring suits in federal court by citizens against their own states, absent either waiver of immunity and consent to suit by the state, or abrogation of constitutional immunity by Congress. See Welch v. Texas Department of Highways and Public Transportation, 483 U.S. 468, 472 (1987); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-40 (1985); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 97-100 (1983); Jungels v State Univ. Coll., 922 F. Supp. 779, 783-784 (W.D.N.Y. 1996). Generally, a suit against a state official is regarded as one against the state itself, when the relief sought nominally against the official would operate against state. Pennhurst State School and Hospital v. Halderman, 465 U.S. at 97-100, 101. Notwithstanding the Eleventh Amendment, a state official acting in his official capacity may be sued in federal court to enjoin conduct that violates the federal constitution. Id. at 102-03; see also, Dube v. State University of New York, 900 F.2d 587, 595 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991). However, a federal court may not grant relief, whether prospective or retroactive, against state officials on the basis of state law violations. Pennhurst State School and Hospital v. Halderman, 465 U.S. at 106; Dube v. State University of New York, 900 F.2d at 595; Jungels v. State Univ. Coll., 922 F. Supp. 779, 783-784 (W.D.N.Y. 1996).

A federal court should find that a state has consented to suit in federal court and waived its protection under the Eleventh Amendment "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171, (1909)). There is no basis for finding such a waiver in the text of the Human Rights Law Arroyo v. New York State Insurance Department, 1993 U.S. Dist. LEXIS 8851 (S.D.N.Y.); Moche v. City University of New York, 781 F. Supp. 160, 167-69 (E.D.N.Y. 1992), aff'd, 999 F.2d 538 (2d Cir. 1993); Cassells v. University Hospital at Stony Brook, 740 F. Supp. 143, 147-48 (E.D.N.Y. 1990).

For purposes of the Eleventh Amendment, "SUNY 'is an integral part of the government of the State [of New York] and when it is sued the State is the real party.'" Dube v. State University of New York, 900 F.2d at 594 (quoting State University of New York v. Syracuse University, 285 A.D. 59, 61 (3d Dept. 1954)). The same has been held to be true for various SUNY colleges. Fox v. Board of Trustees of the State University of New York, 649 F. Supp. 1393, 1397 (N.D.N.Y. 1986), rev'd on other grounds, 841 F.2d 1207 (2d Cir. 1988), rev'd, 492 U.S. 469 (1989). Therefore, absent consent to suit in federal court on the part of the State, Plaintiff's second and third causes of action must be dismissed for lack of jurisdiction. See Jungels v. State Univ. Coll., 922 F Supp at 784 ("Therefore, absent consent to suit in federal court on the part of the State, this court has no jurisdiction over the plaintiff's state law claims against SUNY and SUNYCB.")

## POINT III

**PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST DEFENDANT JIM MALATRAS IN HIS OFFICIAL CAPACITY MUST BE DISMISSED PURSUANT TO RULE 12(B)(1)**

Chancellor Malatras is entitled to Eleventh Amendment Immunity and qualified immunity, and therefore, the claims against him must be dismissed pursuant to Rule 12(b)(1).

### A. Eleventh Amendment Immunity

"To the extent that a state official is sued for damages in his [or her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 529 (2d Cir. 1993).  "The Eleventh Amendment bars all money damages claims against state officials acting in their official capacities."  Gray-Davis v. New York, 2015 U.S. Dist. LEXIS 58619, at *12 (N.D.N.Y. Mar. 27, 2015), adopted, 2015 U.S. Dist. LEXIS 58373 (N.D.N.Y. May 5, 2015). Here, the Complaint only states "Defendant Jim Malatras is the chancellor of the Defendant SUNY System since August 21, 2020" as to the capacity alleged, and the Complaint is devoid of allegations of personal involvement of Defendant Jim Malatras.  Complaint ¶ 9.  To the extent Plaintiff seeks to recover money damages against Chancellor Malatras in his official capacity, such claims must be dismissed because they are barred by the Eleventh Amendment.  LoPorto v. County of Rensselaer, 2018 U.S. Dist. LEXIS 162432, at *30-31 (N.D.N.Y. Sep. 24, 2018) (claim for money damages against New York State Trooper in his official barred by the Eleventh Amendment).

### B. Qualified Immunity

Courts have long recognized that 'government officials performing discretionary functions generally are granted a qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Wilson v. Lane, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also, Lee v. Sandberg, 136 F.3d 94, 101 (2d Cir. 1997).  For a right to be "clearly established" for purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand

that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); see also McEvoy v. Spencer, 124 F.3d 92, 97 (2d Cir. 1997).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001).  In Saucier, the Supreme Court established a two-prong test for determining whether defendants are entitled to qualified immunity.  Id.  The Court must decide: (1) whether the facts alleged make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct. Id. Since Saucier, the Supreme Court has held that the district court has discretion to address these two prongs in either order.  See Pearson v. Callahan, 555 U.S. 223 (2009).

To determine whether a right was "clearly established," for the purposes of qualified immunity, courts in the Second Circuit consider three questions: (1) whether the right at issue was defined with reasonable specificity; (2) whether the decisional law of the Supreme Court or applicable circuit supports existence of the right; and (3) whether under pre-existing law, a defendant would have understood that his actions were unlawful. See Nicholas v. Miller, 189 F.3d 191, 195 (2d Cir. 1999).

Apart from alleging that "Defendant Jim Malatras is an 'Employer' as defined by 29 U.S.C. § 203(d)" (Complaint ¶ 38) and that "Defendant Jim Malatras is the chancellor of the Defendant SUNY System since August 21, 2020" (Complaint ¶ 9), the Complaint is devoid of allegations related to Defendant Jim Malatras which would plausibly suggest a claim under the Equal Pay Act, and therefore this claim must be dismissed.  Plaintiff's allegations regarding Chancellor Malatras are minimal – peripherally referring to his alleged involvement in her legitimate termination which occurred because Plaintiff removed another officer's weapon from his locker, resulting in a

13

security incident at the SUNY Oneonta campus.  Complaint ¶¶ 25-28.  The Complaint fails to allege how, or even if, Chancellor Malatras was involved in Plaintiff's salary determination or those of her unnamed male comparators. Indeed, Plaintiff cannot allege any such facts, because each individual campus president is the appointing authority for staff at each SUNY campus, as described above. N.Y. Comp. Codes R. & Regs. Tit. 8 § 333.6. The Complaint's sole allegation that "Defendant Jim Malatras is the chancellor of the Defendant SUNY System since August 21, 2020" (Complaint ¶ 9) leads to the conclusion that his actions were in furtherance of his duties in his official capacity, and therefore would have been understood by a defendant to be lawful.

Accordingly, Plaintiff's Equal Protection claim against Defendant Chancellor Jim Malatras, in addition to the reasons discussed above, also be dismissed on the basis of Eleventh Amendment and qualified immunity.

## POINT IV

## THE COURT SHOULD DECLINE TO EXERT SUPPLEMENTAL JURISDICTION AND DISMISS PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS

Even assuming, *arguendo*, that Plaintiff's second and third causes of action are not barred by the Eleventh Amendment, since the Complaint fails to state claims on which relief can be granted under The Equal Pay Act, the Court should decline to exert supplemental jurisdiction over Plaintiff's remaining New York State Law claims, and therefore Plaintiff's second and third causes of action should be dismissed.

Pursuant to 28 U.S.C. § 1367(c)(3), a Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the [Court] has dismissed all claims over which it has original jurisdiction."

> [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right.   Its justification lies in considerations of judicial economy, convenience and fairness to litigants . . . Needless decisions of state law should be avoided both as a matter of

14

comity and to promote justice between the parties . . . if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (internal citations omitted); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, if the Court dismisses the federal claims for reasons set forth above, Plaintiff's pendent state law claim should also be dismissed. See e.g. Flexborrow LLC v. TD Auto Fin. LLC, 255 F. Supp. 3d 406, 426 (E.D.N.Y. 2017) ("In the interest of comity, the Second Circuit instructs that absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction") (internal cites and quotes omitted); Williams v. New York City Dep't of Health & Mental Hygiene, 299 F. Supp. 3d 418, 428 (S.D.N.Y. 2018); Ruffins v. Dep't of Corr. Servs., 907 F. Supp. 2d 290, 300 (E.D.N.Y. 2012); Hewitt v. Alcan Aluminum Corp., 185 F. Supp. 2d 183, 193 (N.D.N.Y. 2001).

## POINT V

**PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF NY LABOR LAW CHAPTER 31, ARTICLE 6, § 190 ET SEQ. MUST BE DISMISSED BECAUSE DEFENDANTS ARE EXEMPT**

Plaintiff cannot state a claim under the NY Labor Law Chapter 31, Article 6, § 190 et seq., against Defendants, State University of New York, State University of New York - Oneonta, and Jim Malatras because Defendants are not "employers" within the mean of the law. See Matter of Kelly (Commissioner of Labor), 145 AD3d 1306, 1307 (3d Dept. 2016) ("the State University of New York, claimant's employer, is exempt from the provisions of Labor Law § 191 (see Labor Law § 190 [3])…")

Specifically, "Employer" includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service. The

15

term "employer" does not include a governmental agency." See Mancuso v. Crew, 255 A.D.2d 295, 296 (2d Dept. 1998) (City board of education, as state agency, was exempt, under CLS Labor § 190(3), from provisions of CLS Labor § 191.)

Additionally, Plaintiff's allegations in the second cause of action are even more bare than those in her first cause of action and fail, facially, to state a cause of action pursuant to Rule 12(b)(6), in that the allegations do not contain sufficient factual content to demonstrate that entitlement to relief is even plausible.

Plaintiff thus fails to state claims on which relief can be granted under the NY Labor Law Chapter 31, Article 6, § 190 et seq., against Defendants, State University of New York, State University of New York - Oneonta, and Jim Malatras, and therefore Plaintiff's second cause of action must be dismissed.

## POINT VI

**PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF NEW YORK EXECUTIVE LAW § 290 ET. SEQ. MUST BE DISMISSED**

Plaintiff fails to state claims on which relief can be granted under the New York Executive Law § 290 et. seq. (New York State Human Rights Law ("NYSHRL")), against Defendants, State University of New York, State University of New York - Oneonta, and Jim Malatras, and therefore Plaintiff's third cause of action must be dismissed.

Plaintiff's third cause of action is essentially her Equal Pay Act claim couched as a discrimination claim. Plaintiff's allegations in the third cause of action are even more bare than those in her first cause of action and fail, facially, to state a cause of action pursuant to Rule 12(b)(6), in that the allegations do not contain sufficient factual content to demonstrate that entitlement to relief is even plausible.

Since Plaintiff has failed to state a cause of action under the Equal Pay Act, this cause of action should also be dismissed.  See Kotlowski v. Eastman Kodak Co., 922 F. Supp. 790, 803, n. 6 (W.D.N.Y. 1996).

Plaintiff thus fails to state claims on which relief can be granted under the New York Executive Law§ 290 et. seq., against Defendants, State University of New York, State University of New York - Oneonta, and Jim Malatras, and therefore Plaintiff's third cause of action must be dismissed.

## POINT VII

### THIS ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Where, as here, the problems with the Plaintiff's causes of action are substantive, repleading would be futile and should be denied.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  Inasmuch as Plaintiff's claims suffers from fatal substantive defects, an opportunity for repleading would be futile and this action should be dismissed with prejudice.  See Burke v. Verizon Communications, Inc., 2020 WL 4741043, at *6 (S.D.N.Y. Aug. 17, 2020), *adopted*, 2020 WL 6538748 (S.D.N.Y. Nov. 6, 2020) (dismissing the plaintiff's claims and determining that the plaintiff's request to amend should be denied as futile); Ajamian v. New York, No. 13-CV-1316, 2014 WL 3928448, at *7 (N.D.N.Y. Aug. 11, 2014) (dismissing the plaintiff's claims with prejudice).

### CONCLUSION

Upon the foregoing, Defendants' motion to dismiss should be granted and the Complaint should be dismissed in its entirety, and the Court should award costs, together with such other or further relief as may be just.

Dated: Albany, New York
    April 26, 2022

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    Attorney for Defendants, Jim Malatras, State
                                        University of New York - Oneonta and
                                        State University of New York
                                    The Capitol
                                    Albany, New York 12224


                                    By: *s/ Kasey K. Hildonen*
                                    Kasey K. Hildonen
                                    Assistant Attorney General, of Counsel
                                    Bar Roll No. 520351
                                    Telephone: (518) 776-2590
                                    Fax: (518) 915-7740 (Not for service of papers)
                                    Email: kasey.hildonen@ag.ny.gov


TO:     Adam Grogan, Esq.
        Tully Rinckey
        441 New Karner Road
        Albany, NY 12205