UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENNIFER FILA,

                Plaintiff,

    v.

STATE OF NEW YORK, STATE UNIVERSITY OF NEW YORK, STATE UNIVERSITY OF NEW YORK – ONEONTA, JIM MALATRAS,

                Defendants.

Case No. 21-cv-1087 (FJS/DJS)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Tully Rinckey, PLLC
Attorneys for Plaintiff
Adam Grogan, Esq.
441 New Karner Road
Albany, NY 12205
(518) 218-7100

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... i
**PRELIMINARY STATEMENT** .............................................................................................. 4
**POINT I**……………………………………………………………………………………….. 6
**POINT II**………………………………………………………………………………………… 8
**POINT III**……………………………………………………………………………….…..… 9
**CONCLUSION** ...................................................................**Error! Bookmark not defined.**

## Cases

*Allaire Corp. v. Okumus,* 433 F.3d 248, 239-50 (2d Cir. 2006) ....................................................... 5
*Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) ............................................................................. 5, 6
*Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, at 570 (2007) ................................................................ 5
*Bell v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999).................................................................... 5
*Casino v. Cassidy*, 2014 U.S. Dist. LEXIS 52128, *24 (E.D.N.Y. Apr. 10, 2014)........................ 8
*E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254–55 (2d Cir. 2014) ........... 6
*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ..................................... 9
*Hadees v.* Johnson, No. 5:15-CV-1087, 2016 WL 5349789, at 1 (N.D.N.Y. Sept. 23, 2016) ....... 8
*Hunter v. Rouse,* No. 920CV0065LEKDJS, 2021 WL 101083, at *1 (N.D.N.Y. Jan. 12, 2021) .. 5
*JetBlue Airways Corp. v. CopyTele Inc.*, 629 Fed. Appx. 44, 45 (2d Cir. 2015) ........................... 8
*Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993)................................................................ 9
*Matter of Oswego Barge Corp.*, 439 F. Supp. 312, 323 (N.D.N.Y. 1977)...................................... 9
*Mitchell v. Ceros, Inc.,* No. 21 CIV. 1570 (KPF), 2022 WL 748247 (S.D.N.Y. Mar. 10, 2022)... 6
*Parker v. Blackerby*, 368 F. Supp. 3d 611, 626 (W.D.N.Y. 2019) ................................................. 8
*Raila v. United States,* 255 F.3d 118, 119 (2d Cir. 2004).............................................................. 7
*S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.,* 608 F.2d 28, 42 (2d Cir. 1979) ...... 9

## Statutes

28 U.S.C. §1367(d) ......................................................................................................................... 8
29 U.S.C. § 206(d)(1) ................................................................................................................. 5, 7
CPLR § 205(a) ................................................................................................................................ 8
Fed. R. Civ. P. 12(b)(6)............................................................................................................... 6, 7
Fed. R. Civ. P. 15............................................................................................................................ 9
Fed. R. Civ. P. 15(a) ..................................................................................................................... 10
Fed. R. Civ. P. 15(a)(2).................................................................................................................. 9

**PRELIMINARY STATEMENT**

Plaintiff, Jennifer Fila ("Fila"), submits this Memorandum of Law in opposition to the motion to dismiss made by Defendants State of New York, State University of New York, State University of New York – Oneonta (collectively referred to herein as "SUNY"), and Defendant Jim Malatras ("Malatras"). Defendants' Motion is based on the Federal Rules of Civil Procedure (FRCP) 12(b)(6), 12(b)(1), and the Eleventh Amendment to the United States Constitution. Plaintiff in response argues that her initial complaint is sufficient to plead a case under the Equal Pay Act, but assuming the court does not agree, has filed a motion in conjunction with this opposition for leave to amend the complaint. Further, Fila does not contest SUNY's request to have the New York State Human Rights Law ("NYSHRL") and New York Labor Law claims dismissed without prejudice to be pursued in State Court.

**STATEMENT OF FACTS**

Plaintiff, a female, was hired by Defendant State University of New York in or around May 1998 at its Purchase college location as a university police officer. Complaint ¶ 10, 11. In July 2018, Plaintiff accepted a position as Chief of Police at Defendant State University of New York at Oneonta. *Id.* ¶ 15. In June 2021, Plaintiff mistakenly removed a Lieutenant's firearm from his locker, assuming it was Plaintiff's locker and firearm. *Id.* ¶ 17. In July 2021, Plaintiff was terminated from her employment due to the gun locker incident. *Id.* ¶ 25. Following Plaintiff's termination, she received a paycheck that indicated a salary of $115,170. *Id.* ¶ 30. Upon information and belief, the male Chiefs of Police at the following schools within Defendant SUNY's system were compensated more than Plaintiff for substantially similar work: Brockport, Oswego, Cortland, Plattsburgh, Old Westbury, Purchase, Delhi, Downstate, Health Science, and Maritime. *Id.* ¶ 33.

**POINT I**

**FILA'S COMPLAINT PURSUANT TO HER EQUAL PAY ACT CLAIM
PLAUSIBLY STATES FACTS SUFFICIENT TO
SURVIVE DEFENDANTS' MOTION TO DISMISS**

"To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Hunter v. Rouse,* No. 920CV0065LEKDJS, 2021 WL 101083, at *1 (N.D.N.Y. Jan. 12, 2021) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (internal quotations omitted)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *Hunter, supra,* quoting *Allaire Corp. v. Okumus,* 433 F.3d 248, 239-50 (2d Cir. 2006). "A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, at 570 (2007). Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Hunter*, quoting *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well established that the Equal Pay Act prohibits employers from discriminating "between employees on the basis of sex" by paying different wages for "equal work on jobs the performance of which requires equal skill, effort, and responsibility." 29 U.S.C. § 206(d)(1). Because the Equal Pay Act is a strict liability statute, the plaintiff does not need to prove discriminatory intent. *Bell v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). At the pleading state,

a plaintiff is only required to allege facts that plausibly show (1) "the employer pays different wages to employees of the opposite sex"; (2) "the employees the employees perform equal work on jobs requiring equal skill, effort, and responsibility"; and (3) "the jobs are performed under similar working conditions." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254–55 (2d Cir. 2014) (citations omitted). In avoiding dismissal, a plaintiff's complaint "must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job content was 'substantially equal.'" *Id*. at 256 (quoting *Iqbal*, 556 U.S. at 678).  An Equal Pay Act claim is a "fact-intensive analysis is typically conducted after discovery and treated as "a question for the jury." *Mitchell v. Ceros, Inc.,* No. 21 CIV. 1570 (KPF), 2022 WL 748247 (S.D.N.Y. Mar. 10, 2022). In fact, "courts in the Second Circuit have only rarely dismissed Equal Pay Act claims on the pleadings…" *Id.*

    Here, Plaintiff has successfully articulated factual allegations in her complaint to survive Defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). First, Plaintiff alleges that the Defendants discriminated between employees on the basis of sex by paying wages to employees at a rate less than the rate at which they pay wages to employees of the opposite sex. *See* Dkt. #1, Compl. ¶ 41. Plaintiff has identified that her and her male colleagues performed equal work on jobs in their roles as Chief of Police which requires "equal skill, effort, and responsibilities." *See* Compl. ¶ 42. In fact, Defendant SUNY maintains one job description for all Chiefs of Police within its system.[1] Furthermore, Plaintiff alleged that her and "her male colleagues performed duties under similar working conditions." *See* Compl. ¶ 43. Plaintiff has alleged specific facts to support her claims of unequal pay and Defendants' motion to dismiss must be denied.

---

[1] *Chief of Police,* May 26, 2022, https://www.suny.edu/hr/compensation/unclassified/c/chief-of-police-mp/

Assuming, *arguendo* that Plaintiff's original complaint does not sufficiently allege facts to support her claims of unequal pay, Plaintiff's Amended Complaint does. Plaintiff alleges that as the SUNY Chancellor, Defendant Malatras had the power and authority to administer the adjustment and determination of salaries, including that of Plaintiff and her male comparators. *See* Am. Compl. ¶¶ 10, 12. Furthermore, Plaintiff alleges that SUNY Defendants facilitated Defendant Malatras' determination and adjustment of salaries and engaged in disparate wage practices. *See* Am. Compl. ¶¶ 11, 13. Plaintiff additionally identified that SUNY Deputy Chiefs of Police and SUNY Chiefs of Police engaged in the same work on jobs which required equal skill, effort, and responsibility which are performed under similar working conditions. *See* Am. Compl. ¶¶ 21, 22, 24, 25. Lastly, Plaintiff alleges facts to establish that she was paid less in her positions as Deputy Chief of Police and Chief of Police than her male counterparts. *See* Am. Compl. ¶¶ 43, 44. As such, Plaintiff has sufficiently alleged facts showing that she was paid at a rate less than the rate at which Defendants paid wages to employees of the opposite sex. *See* 29 U.S.C. § 206(d)(1).

However, assuming, *arguendo,* that this Court finds Plaintiff's initial complaint wanting of facts necessary to properly plead an Equal Pay Act claim, Plaintiff has filed in conjunction with this opposition a motion for leave to amend with a proposed amended complaint sufficient to meet the pleading standards for an Equal Pay Act claim.

### POINT II

### FILA'S STATE LAW COUNTS AGAINST DEFENDANTS SHOULD BE DISMISSED WITHOUT PREJUDICE TO BE PURSUED IN STATE COURT

In analyzing a motion to dismiss pursuant to FRCP 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Raila v. United States,* 255 F.3d 118, 119 (2d Cir. 2004). A court m ay dismiss an action only when "it

appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Hadees v.* Johnson, No. 5:15-CV-1087, 2016 WL 5349789, at 1 (N.D.N.Y. Sept. 23, 2016) (quoting *Raila, supra*).

Plaintiff has reviewed and recognizes the case law supporting Defendants' motion regarding Points II and IV. Accordingly, Plaintiff respectfully requests that the Court issue an Order dismissing the State Law claims (claims 2 and 3 in Plaintiff's Complaint) against SUNY without prejudice. *See JetBlue Airways Corp. v. CopyTele Inc.*, 629 Fed. Appx. 44, 45 (2d Cir. 2015) (recognizing that dismissal for lack of subject matter jurisdiction must be without prejudice because "Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.") (citation omitted). Fila may then pursue these claims in State Court, pursuant to 28 U.S.C. §1367(d). *See Casino v. Cassidy*, 2014 U.S. Dist. LEXIS 52128, *24 (E.D.N.Y. Apr. 10, 2014) ("Plaintiff is advised that pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims, to the extent those claims were timely filed in this Court, is tolled for a period of thirty [30] days after the date of this order, unless a longer tolling period is otherwise provided under state law."); *Parker v. Blackerby*, 368 F. Supp. 3d 611, 626 (W.D.N.Y. 2019) ("Moreover, under 28 U.S.C. § 1367(d), the statute of limitations for Plaintiff's state law claims has been tolled while the instant action was pending and shall be tolled for a period of 30 days after dismissal."); *see also* CPLR § 205(a).

## POINT III

### THIS ACTION SHOULD NOT BE DISMISSED
### AND LEAVE TO AMEND SHOULD BE GRANTED

Filed in conjunction with this opposition is a motion for leave to amend, and a proposed amended complaint, however it is necessary to address Defendants' argument herein that leave to amend should not be granted.

Motions for leave to amend a complaint are governed by Fed. R. Civ. P. 15, which states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Nevertheless, leave to amend a complaint is not automatic; and a court may deny a motion for leave to amend where there is an apparent or declared reason not to grant leave to amend, "such as (1) undue delay, bad faith or dilatory motive on the part of the movant, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of the allowance of the amendment, (4) futility of amendment, etc." *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.,* 608 F.2d 28, 42 (2d Cir. 1979). All controversies should be decided upon their merits rather than upon technicalities in the pleadings. *Foman*, 371 U.S. at 181; *Matter of Oswego Barge Corp.*, 439 F. Supp. 312, 323 (N.D.N.Y. 1977).

Defendants argue that granting leave to amend the pleading would be "futile" but do not argue how or why. *See* Defendants' Motion. Quite the opposite, assuming *arguendo* the Court finds Plaintiff's original pleading deficient in some way to state an Equal Pay Act claim, such leave to amend is necessary and certainly not futile, as Plaintiff possesses the necessary information regarding the pay disparity between Chiefs of Police at Defendant SUNY schools, as well as the fact that the Chiefs of Police operate under the same position description and perform the same job duties as Plaintiff. This information, if true, establishes wage disparity between SUNY's Deputy Chiefs of Police and Chiefs of Police in violation of the Equal Pay Act. As such, there exists question of fact as to whether pay disparities exist, and if so, why such disparities exist. If the disparities of pay exist because of Fila's sex, then the facilitation of pay in relation to Fila's claims are illegal.

In light of the public policy interests underlying Fed. R. Civ. P. 15(a), it is necessary that Fila be given leave to amend her pleadings consistent with an accurate accounting of the facts of her case. For the foregoing reasons, Plaintiff respectfully requests that the Court grant the concurrent motion for permission to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Fila respectfully requests that Defendants' motion to dismiss should be denied and for such further relief as this court deems just and proper.

Dated: Albany, New York
May 31, 2022

Adam P. Grogan, Esq.
Associate
NDNY No. 703011
TULLY RINCKEY PLLC
441 New Karner Road
Albany, NY 12205
Tel. (518) 218-7100
Fax. (518) 218-0496
Email: agrogan@tullylegal.com

TO:

Kasey K. Hildonen
Assistant Attorney General, of Counsel
Bar Roll No. 520351
Telephone: (518) 776-2590
Fax: (518) 915-7740 (Not for service of papers)
Email: kasey.hildonen@ag.ny.gov