UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER FILA,

                        **Plaintiff,**

          v.                                            1:21-CV-1087
                                                           (FJS/DJS)

STATE UNIVERSITY OF NEW YORK,
STATE UNIVERSITY OF NEW YORK AT
ONEONTA, and JIM MALATRAS,

                        **Defendants.**
_____

**APPEARANCES**                                 **OF COUNSEL**

**TULLY RINCKEY PLLC**               **ADAM GROGAN, ESQ.**
441 New Karner Road                  **MATTHEW P. RICCI, ESQ.**
Albany, New York 12205
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**      **KASEY K. HILDONEN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Pending before the Court are Defendants Malatras, State University of New York, and State University of New York at Oneonta's (collectively "Defendants") motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Procedure, *see* Dkt. No. 11, which Plaintiff opposes, *see* Dkt. No. 14, and Plaintiff's motion to amend/correct her complaint, *see* Dkt. No. 15, which Defendants oppose, *see* Dkt. No. 18.

The Court heard oral argument regarding these motions on September 20, 2022, at which time the Court granted Plaintiff's motion for leave to amend her complaint. The Court then heard the parties' arguments in support of and in opposition to Defendants' motion to dismiss Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint contains a single cause of action for violation of the Equal Pay Act, 29 U.S.C. § 201 *et seq.* against State University of New York and State University of New York at Oneonta (collectively "Defendants"). Specifically, Plaintiff alleges that Defendants violated the Equal Pay Act by paying her less than her male comparators for performing equal work on jobs the performance of which requires equal skill, effort and responsibility.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). When considering the legal sufficiency of a complaint, the court must accept as true all well-pleaded facts in the complaint and draw all reasonable inference in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). "'[I]n considering a motion to dismiss for failure to state a claim . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1995 [(2007)]). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Moreover, the Supreme Court explained that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted)

      Furthermore, "although 'a court must accept as true all the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quotation omitted).  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (citing [*Iqbal*, 129 S. Ct.] at 1947-52).

      "[T]o prove a violation of the [Equal Pay Act], a plaintiff must demonstrate that '[(1)] the employer pays different wages to employees of the opposite sex; [(2)] the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and [(3)] the jobs are performed under similar working conditions.'" *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254-55 (2d Cir. 2014) (quoting *Belfi*, 191 F.3d at 135 (internal quotation marks omitted)).

      "[T]he equal work inquiry does not demand evidence that a plaintiff's job is 'identical' to a higher-paid position[.]" *Id.* at 255.  However, "the standard is nonetheless demanding requiring evidence that the jobs compared are 'substantially equal.'" *Id.* (citation omitted).  "To

satisfy this standard, a plaintiff must establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications." *Id.* (citation omitted).  Thus, "[a]t the pleading stage, . . . a plausible EPA claim must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was 'substantially equal.'"  *Id.* at 256 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).  "Such factual allegations are necessary to provide 'fair notice [to the defendant] of the basis for [the plaintiff's] claims.'"  *Id.* (quoting *Swierkiewicz*, 534 U.S. at 514, 122 S. Ct. 992).

The Equal Pay Act targets discrimination "within any establishment."  29 U.S.C. § 206(d)(1).  Federal regulations explain that "establishment" refers to "a distinct physical place of business rather than to an entire business[.]"  29 C.F.R. § 1620.9(a).  Since "each physically separate place of business is ordinarily considered a separate establishment," Defendants contend that Plaintiff is a class of one because she is the only Chief of Police at Defendant State University of New York at Oneonta and she cannot compare herself to other Chiefs of Police who work at other colleges within the Defendant State University of New York system, which according to Defendants, are not part of the same "establishment" for Equal Pay Act purposes.

However, the federal regulations acknowledge that "unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment."  29 C.F.R. § 1620.9(b).  For example, the regulations provide that a single establishment may encompass multiple offices when "a central administrative unit . . . hire[s] all employees, set[s] wages, and assign[s] the location of employment" and employees' duties are "performed under similar working conditions."  29 C.F.R. § 1620.9(b).  "Determining the existence of such unusual circumstances is a 'fact-intensive assessment.'"  *Moazzaz v. MetLife, Inc.*, No. 19-CV-10531 (JPO), 2021 WL 827648, *5 (S.D.N.Y. Mar. 4, 2021) (citation omitted).

"Accordingly, courts have been loath to make such a determination, one way or another, without the benefit of complete discovery." *Id.* (citing [*Barrett v. Forest Laboratories, Inc.*, No. 12-cv-5224, 2015 WL 5155692, at *8 (S.D.N.Y. Sept. 2, 2015)]) ("The general approach of [Equal Pay Act cases] has been to decline to determine at the conditional-certification stage whether the plaintiffs will be able to satisfy the 'establishment' requirement.")) (other citation omitted).

Despite Defendants' arguments to the contrary, Plaintiff has pled sufficient facts, if accepted as true, to state a plausible claim that Defendants violated the Equal Pay Act by paying her less than they paid her male comparators, who held the same position as she did during the relevant time period -- Chief of Police -- at ten other colleges in Defendant State University of New York's system.  She also alleges that the Chancellor of Defendant State University of New York "has the power and authority to provide the administration of the adjustment and determination of salaries, including but not limited to those of SUNY Deputy Chiefs of Police and SUNY Chiefs of Police." *See* Proposed Amended Complaint at ¶ 7.  Exhibit 1, attached to her Proposed Amended Complaint, lists the duties and responsibilities of Chiefs of Police within Defendant State University of New York's system, and Plaintiff alleges that all of these Chiefs of Police perform their jobs under similar working conditions, *i.e.*, on college campuses within Defendant State University of New York's system.

Finally, with regard to the issue of whether Plaintiff and her male comparators are part of a single establishment, *i.e.*, Defendant State University of New York, or different establishments, *i.e.*, each individual college within the State University of New York system being a separate establishment, the resolution of that issue requires a fact intensive inquiry after discovery. Therefore, the Court denies Defendant's motion to dismiss Plaintiff's Amended Complaint.

### III. CONCLUSION

After reviewing the entire file in this case, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to amend her complaint, *see* Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall file her Amended Complaint **within ten (10) days** of the date of this Order; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's Amended Complaint, *see* Dkt. Nos. 11, 18, is **DENIED**; and the Court further

**ORDERS** that the parties shall conduct discovery limited to the issue of whether Plaintiff and her male comparators are employees of the same establishment or different establishments for purposes of the Equal Pay Act, 29 U.S.C. § 201 *et seq.*; and the Court further

**ORDERS** that the parties shall complete discovery on this issue by no later than **December 30, 2022**; and the Court further

**ORDERS** that, within thirty days of completing discovery on this issue, but, in any event, no later than **January 30, 2023**, either or both parties may move for partial summary judgment on this issue.

**IT IS SO ORDERED.**

Dated: September 22, 2022
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge